IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EDDIE TARDY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LAEDDIE COLEMAN,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>CORECIVIC OF TENNESEE, et al.,  )<br><br>Defendants.  ) | No. 1:23-cv-01202-STA-jay |

ORDER DENYING MOTION TO DISMISS OF DEFENDANT HARDEMAN COUNTY

Plaintiff Eddie Tardy has filed this action individually and as the administrator of the estate of Laeddie Coleman ("the decedent") against Defendants CoreCivic of Tennessee, LLC, Vincent Vantell, Chance Leeds, Carlisa Byars, Keith Huggins, and Hardeman County, Tennessee, for the alleged violation of the constitutional and civil rights of the decedent while he was incarcerated at Hardeman County Correctional Facility ("HCCF"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and state law. Defendant Hardeman County has filed a motion to dismiss the action against it (ECF No. 79), and Plaintiff has filed a response to the motion. (ECF No. 81.) For the reasons set forth below, Defendant's motion is **DENIED**.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice

if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

The complaint alleges as follows. On September 7, 2021, the decedent was murdered while incarcerated at "a severely understaffed, unsupervised pod at Hardeman County Correctional Facility, a private prison operated by CoreCivic." (Amd. Cmplt. ¶ 1, ECF No. 68.) After a stabbing not involving the decedent, prison officials allegedly "failed to secure the pod, to clear it of weapons, to lock it down, or to ensure that it was adequately staffed" before the murder of the decedent. (*Id.* at ¶ 2.) The decedent "who was innocent of any wrongdoing — was murdered in senseless retaliation by at least three other inmates …" (*Id.* at ¶ 12.)

Plaintiff sues Defendants Vantell, Leeds, Byars, and Huggins under 42 U.S.C. § 1983 for violations of the Eighth Amendment arising from their alleged failure to protect the decedent from inmate-on-inmate violence. (*Id.* ¶¶ 95-126.) Plaintiff sues Defendant CoreCivic for its alleged violation of the Constitution arising from its "policy, practice, and custom of severely understaffing … Hardeman County Correctional Facility, without regard to inmate safety because understaffing is more profitable." (*Id.* at ¶¶ 127-143.) Plaintiff alleges that "Hardeman County Correctional Facility is being operated pursuant to [a] contract[] with [a] local governmental

entit[y] rather than the State of Tennessee,…pursuant to the County Correctional Incentives Act of 1981," Tenn. Code Ann. § 41-8-102. (*Id.* at ¶ 152.) According to Plaintiff, the "Act permits Defendant Hardeman County to contract with Defendant CoreCivic to house additional **nondangerous** felony offenders locally." (*Id.* at ¶ 153 (emphasis in original).) Plaintiff further alleges that at the time of the decedent's death, "CoreCivic housed dangerous felony offenders at Hardeman County Correctional Facility," and the decedent died as a result of Hardeman County's having "actual knowledge" of significant "inmate-on-inmate violence … and [the prison's] pervasive non-compliance with contract obligations, including staffing obligations …" (*Id.* at ¶¶ 154-158.)

Defendant contends that Plaintiff's claims against it for negligence and negligent supervision must be dismissed because the allegations underlying these causes of action arise out of Plaintiff's civil rights claims and, thus, the claims are barred by operation of Tennessee's Governmental Tort Liability Act ("TGTLA"), Tenn. Code. Ann. § 29-20-101, and the doctrine of sovereign immunity.[1] According to Defendant, the GTLA's civil rights exception preserves immunity from suit for claims arising under § 1983, and a plaintiff cannot avoid that immunity by bringing its civil rights claim as a negligence claim.

The GTLA codifies the Tennessee common law rule of sovereign immunity for counties, municipalities, and other governmental entities. Tenn. Code Ann. § 29–20–201; *Limbaugh v. Coffee Medical Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). Under the GTLA, a governmental entity defendant is generally subject to suit for civil claims sounding in negligence with certain enumerated exceptions. *Id.* Those exceptions include any injuries that may arise out of an allegation of civil rights violations, the infliction of mental anguish, and discretionary acts. Tenn. Code Ann. § 29-20-205. It is well-

---

[1] Plaintiff has clarified in its response that it has not brought any "negligence per se" claims.

settled that the GTLA's "civil rights" exception includes claims arising under §1983, and a plaintiff cannot circumvent a defendant's immunity by couching its civil rights claim as one of negligence. *See*, *e.g.*, *Campbell v. Anderson Cty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) (holding that a plaintiff whose alleged injuries arose in the context of her civil rights claims could not avoid GTLA immunity merely by "couching" her claim in terms of negligence). *See also Partee v. City of Memphis,* 449 F. App'x 444, 448 (6th Cir. 2011) ("A negligence claim falls within this exception [when] 'the same circumstances giv[e] rise' to both the negligence and civil rights claims. Stated another way, the GTLA 'preserves immunity for suits claiming negligent injuries arising from civil rights violations.'" (citations omitted)).

However, in this case, as noted by Plaintiff, he has asserted only state law negligence claims against Defendant Hardeman County – not civil rights claims. Moreover, Plaintiff's state law negligence and negligent supervision claims against Hardeman County do not "arise out of exactly the same circumstances as" Plaintiff's civil rights claims against the CoreCivic defendants. The Court agrees with Plaintiff that the availability of federal civil rights claims against the CoreCivic defendants does not preclude Plaintiff's state law negligence claims against Hardeman County, which are unrelated to any civil rights violations.

In this case, Hardeman County does not operate HCCF. Any claims concerning the operation of the prison are brought against CoreCivic. Instead, the claims against Hardeman County concern the allegations that it knew that CoreCivic was illicitly housing dangerous offenders at HCCF in contravention of the state statute that permits Hardeman County to contract with CoreCivic to house only nondangerous offenders and failed to exercise due care to ensure CoreCivic's compliance with requirements that only nondangerous felony offenders be housed at HCCF. The complaint also alleges that Hardeman County knew of the violence at HCCF but failed to exercise due care to ensure staffing

4

compliance and failed to ensure a reasonable degree of safety at HCCF, thus violating its duty of care to the inmates, which resulted in the death of the decedent.  These are negligence claims – not civil rights claims – and Defendant's motion to dismiss is **DENIED**.

    IT IS SO ORDERED.

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 14, 2023